**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4348-15T2

LARRY WELENC, on behalf
of ANGELINE T. WELENC
(Deceased),

    Plaintiff-Appellant,

v.

STATE-WIDE INSURANCE CO.,

    Defendant-Respondent.

_____

Submitted June 8, 2017 — Decided August 2, 2017

Before Judges Lihotz and Hoffman.

On appeal from Superior Court of New Jersey,
Law Division, Camden County, Docket No. L-
10692-60.

Larry Welenc, appellant pro se.

Harwood Lloyd, LLC, attorneys for respondent
(Jeanne O. Marino, of counsel and on the
brief).

PER CURIAM

    Plaintiff Larry Welenc (appellant) appeals from the Law

Division's October 13, 2015 order denying his motion to reopen an

action filed over fifty years ago in the Superior Court in Camden

County. Appellant also appeals from a November 23, 2015 order denying reconsideration and a January 15, 2016 order denying clarification. We affirm.

We derive the following facts from the appellate record. This case arose from the tragic death of appellant's father, New Jersey State Trooper Hilary Welenc, on November 20, 1959. On that date, a tractor-trailer, operated by Frederick Cidone, collided with Trooper Welenc or his patrol car while he rendered aid to a motorist on the shoulder of the New Jersey Turnpike.

In September 1960, Angeline Welenc (Angeline), Trooper Welenc's widow and appellant's mother, filed a wrongful death complaint in Camden County, under Docket No. L-1427-60, against Cidone, R.W. Isherwood, Inc., and Robert I. Isherwood, Sr. Angeline alleged that Isherwood or his corporation owned the trailer, which Cidone was operating on their behalf. On February 8, 1961, after Cidone failed to respond to the complaint, the court entered default and then a final judgment against him for $100,000, in favor of Angeline as "Administratrix ad Prosequendum" of her husband's estate.

In March 1961, Angeline filed a new complaint in Camden County, under Docket No. L-10692-60,[1] against State-Wide Insurance

---

[1] The docket number and date are not listed on this complaint. However, State-Wide's petition for removal to federal court lists the referenced docket number.

Company, to enforce payment of the $100,000 default judgment against Cidone. State-Wide was a New York corporation that allegedly carried a liability policy for Cidone.

On March 21, 1961, State-Wide filed a petition to remove the case to the United States District Court for the District of New Jersey. The case was then listed in federal court under Civil Docket No. 238-61. Angeline filed an amended complaint in the federal court on November 8, 1961, adding American Fidelity & Casualty Co., Inc., as an additional defendant. Angeline alleged that American Fidelity was the insurer for Isherwood.

On November 15, 1961, Angeline entered into a stipulation of dismissal with the Isherwood defendants for the New Jersey case at Docket No. L-1427-60. On November 24, 1961, Angeline entered into a similar stipulation of dismissal with defendants State-Wide and American Fidelity in the federal case, Civil Docket No. 238-61. The parties agreed to dismiss the matter "with prejudice and without costs."

In a letter dated August 1, 1962, Herman Belopolsky, an attorney, wrote to Angeline, requesting she come to his office to execute various forms relating to the settlement of the wrongful death claim. According to this letter, Trooper Welenc's estate

received $85,000, "in settlement from insurance company," plus $1,361 in interest.[2]

According to his brief, in August 2014, appellant filed a motion to reopen the case against Cidone, Docket No. L-1427-60, to determine whether the entire $100,000 default judgment had been paid to Angeline; the court denied this motion in September 2014 and denied reconsideration in December 2014.

In August 2015, appellant moved to reopen the case against State-Wide, Docket No. L-10692-60, which is the subject of this appeal. MAPFRE Insurance Company of New York, formerly State-Wide, opposed this motion.

On October 9, 2015, Judge Robert G. Millenky heard oral argument on appellant's motion. Appellant acknowledged he filed the motion to determine "where the $85,000 came from that constitut[ed] a payment that was made" and why the amount was $85,000 rather than $100,000. Appellant further claimed he learned from Captain Francis Wright, the former personnel chief of the New Jersey State police, that his family received the $85,000 from the State Police and not from an insurance company.

---

[2]    An attached disbursement sheet shows a deduction of $21,590.25 for attorney's fees "at 25 per cent," along with 1,287.50 in attorney's costs, resulting in a net balance of $63,483.25.

Following oral argument, Judge Millenky rendered an opinion on the record, fully explaining his reasons for denying appellant's motion:

> So, the only way that we reopen judgments occur in two distinct ways:
>
> One. If [there is] a judgment and someone [has not] collect[ed] on the judgment, we allow for a party to revive a judgment. And there's a statute, N.J.S.A. 2A:14-5, and it provides that if, in fact, someone has a judgment and they [have not] collected on it, that judgment would expire after [twenty] years, unless someone takes action to revive the judgment.
>
> Your actions here now, assuming that in some way they were construed as suggesting that there was not a full payment of monies due, is not an application to revive a judgment [that is] within that [twenty]-year statutory period. So we [cannot] proceed under that section, if your objection here or your position here was that you sought to, in some way, collect monies that were due and owing on a judgment and remained unpaid.
>
> The second thing that someone could do is . . . make an application under Rule 4:50-1, and [that is] the rule that provides a mechanism by which a party can seek relief from a final judgment or order. And when one evaluates claims that are brought under that section, there are a number of underlying principles that are at play, but two are essentially critical.
>
> One is that a dismissal with prejudice, which is what occurred in the underlying litigation here, constitutes a final judgment, so that the hurdle for relief under Rule 4:50-1 becomes substantial.

And then the second principle at play is that the dismissal with prejudice concludes the rights of the parties, and because it represents a final adjudication, the process of reopening that judgment requires that there be a showing that is in conformance with the provisions of Rule 4:50-1, a showing that there is either: (a) mistake, inadvertent surprise, or excusable neglect; (b) newly discovered evidence; . . . . (c) fraud; and (d) the judgment or order is void.

As to the first three, we have another rule, Rule 4:50-2, which requires that when one seeks relief under any of those three criteria, that relief has to be sought within one year. Obviously, [we are] past the one year mark here by a substantial measure.

. . . .

As to the last two, "the judgment or order has been satisfied, released or discharged," [that is] not applicable here, and there is [a] catchall, "any other reason justifying relief from the operation of the judgment or order."

And here, what [you have] suggested is that you simply [do not] know where the money went. [That is] an inquiry that may be directed at family members, [it is] an inquiry that may be directed towards other people who may have knowledge, but [it is] not something that suggests a reason that justifies opening a judgment. We [do not] have a provision, in other words, that says, because I [do not] understand what happened in a particular case, I therefore have a right to some relief that entitles me to open the judgment.

And here, the right to relief that you assert is simply a lack of knowledge about what occurred some [fifty] years ago. And where [that is] the assertion, this [c]ourt, under subsection [(f)], [cannot] find a basis

6

to reopen the judgment. There are a number of cases that deal with that subsection, but I believe that most of them, if not all of them, indicate that there must be some showing of circumstances that are exceptional and that the enforcement of the underlying order would be unjust or inequitable, and that ordinarily the correctness or the error of the original judgment is irrelevant. In other words, we focus on justice, on something [that is] oppressive, on something that is inequitable.

So, here, the question is, is there anything in the pleadings that you have submitted which reflects that there is an exceptional circumstance applicable to this situation? And I think that you have been frank and forthright in actually saying I [do not] know anything about what really occurred then.

. . . .

So . . . someone says that money came from some other source and that, you find, is not something that is acceptable to you . . . but that [does not] create an exceptional circumstance, . . . it [does not] create a situation which would warrant reopening a case after some [fifty-three] years following its conclusion.

. . . .

So, here, the [c]ourt finds that, given the position of the defendant that it has no records, that it would be patently unfair to reopen this matter, ask a party to defend, when there has been such inaction for such a long period of time.

. . . .

One final thing . . . . Here, the reasoning that you have advanced for purposes of reopening this matter [does not] describe

any fact which would suggest, for example, an exceptional circumstance pertaining to what occurred. What [you have] instead described is really only that you want to find out what happened. Finding out what happened is not an exceptional circumstance.

. . . And I would just draw your attention to a case, it's [Manning Engineering, Inc. v. Hudson County Park Commission, 74 N.J. 113 (1977)]. That describes that the purpose of Rule 4:50-1 is to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that the courts should have the authority to avoid an unjust result in any given case.

Here, there is nothing that would suggest that there was an unjust result. And after [fifty-three] years, the concept of repose is critical, because of the prejudice generated by revisiting something that has so long been dormant.

Judge Millenky formalized his decision in an order on October 13, 2015. Appellant then moved for reconsideration, and defendant filed opposition. Appellant prepared a response to this opposition and notified the court by fax, dated November 18, 2015, that he would send his reply "in the next few days." However, the return date of the motion was scheduled for November 20, 2015; on that date, Judge Millenky denied appellant's motion in a brief decision on the record. Appellant's reply arrived at the judge's chambers on November 23, 2015. On that same date, Judge Millenky entered an order denying reconsideration.

Appellant then filed a motion for clarification, seeking to determine whether the judge considered his late submission. Judge Millenky addressed appellant's motion on the record on January 12, 2016, noting he had not considered appellant's additional documents in denying reconsideration. However, the judge stated he reviewed the materials and found they did not warrant altering his decision. Therefore, on January 15, 2016, he entered a formal order denying appellant's motion for clarification. The judge also sent appellant a short letter decision, dated January 15, reaffirming that the additional filing did not warrant modifying his prior decisions.

This appeal followed. In his briefs, appellant essentially challenges Judge Millenky's decision not to grant relief under Rule 4:50-1, asserting the judge committed both substantive and procedural errors. "The trial court's determination under [Rule 4:50-1] warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). An abuse of discretion occurs when the judge's decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Ibid. (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

Applying this standard, we affirm the Law Division orders under review substantially for the reasons set forth in Judge Millenky's comprehensive and well-reasoned oral opinion. We further find the judge appropriately denied appellant's motions for reconsideration and clarification, for the reasons stated on the record and in his January 15, 2016 letter.

Appellant's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). Nonetheless, we briefly address appellant's claim that the court failed to notify him of the dates for the reconsideration and clarification "hearing[s]," and as a result, he was unable to request oral argument on the reconsideration motion. The record shows Judge Millenky did not hold "hearings"; instead, he briefly rendered decisions on the record. Appellant also has not shown that he requested oral argument in his motion papers. See R. 1:6-2(d) ("[N]o motion shall be listed for oral argument unless a party requests oral argument in the moving papers or in timely-filed answering or reply papers, or unless the court directs."). Moreover, because Judge Millenky's underlying decision was correct, appellant's absence from the subsequent decisions did not create an unjust result. R. 2:10-2.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10

A-4348-15T2